Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

LUIDMYLA YUZYUK and VADIM YUZYUK, individually and on behalf of M. Y., their minor child,

Plaintiffs,

v.

OUR PLACE MANOR, LLP, and T & S DEVELOPMENT PROPERTIES LLP,

Defendants.

No. 2:20-cv-1315-MAT

CONSENT ORDER

## I.   INTRODUCTION

**A.   Background**

1.   This Consent Order is entered between Luidmyla Yuzyuk and Vadim Yuzyuk, individually and on behalf of their minor child M.Y. (hereinafter referred to collectively as "Plaintiffs"), and Our Place Manor, LLP and T & S Development Properties LLP (collectively referred to herein as "Defendants").

2.   This action is brought to enforce the provisions of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act" or "the Act"), 42 U.S.C. §§ 3601, *et seq*.  Plaintiffs allege that Defendants, through its employees, managers and agents, refused to make a reasonable accommodation for M.Y. in violation of Section 804(f)(1)–(f)(3)(B) of the Act. *See* 42 U.S.C. § 3604(f)(1)–(3)(B).

3.   Plaintiffs are tenants at Our Place Manor Apartments in Auburn, Washington.

CONSENT ORDER - 1
No. 2:20-cv-1315-MAT

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105

Their minor son, M.Y., is a person with a handicap within the meaning of § 802(h) of the Fair Housing Amendments Act, 42 U.S.C. § 3602(h), having been diagnosed with autism.

4. Defendant Our Place Manor LLP (OPM) is a Washington Limited Liability Partnership with its principle place of business in Auburn, Washington. OPM is the owner of the multifamily apartment building located at 1335-17th Street SE, Auburn, Washington. OPM is a housing provider as that term is defined in the Fair Housing Amendments Act.

5. Defendant T & S Development Properties LLP (hereinafter referred to as "T&S") is a Washington Limited Liability Partnership with its principle place of business in Auburn, Washington. T&S is the managing agent of the properties known as Our Place Manor.

6. At all times relevant, Defendants' Lease Agreements and Rules prohibited residents of their rental properties from keeping dogs or other animals in their units or otherwise on the property.

7. In October of 2019, the Yuzyuks requested an accommodation from the no-pet policy of the Defendants to acquire an emotional support animal as part of the treatment plan for their son. The Defendants initially denied the request for an accommodation based on their "No Pets" policy.

8. By letter dated August 10, 2020, from the Fair Housing Center of Washington ("FHCW") the Plaintiffs submitted a request to Defendant Our Place Manor for approval to allow an emotional support dog for their son. Enclosed with the letter was a supporting letter signed by the boy's attending doctor stating his opinion an assistance animal would be very helpful to the treatment and therapy of the Plaintiffs' son.

9. A follow up reminder email to Our Place Manor was received from FHCW on or about August 19, 2019. requesting a reply to the earlier letter. On August 25, 2020, Our Place Manor sent an email to FHCE confirming the Plaintiffs' request and doctor letter had been forwarded to the property owner, T&S Properties Development, for action.

10. The property owner immediately approved the Plaintiffs' request for accommodation. Unfortunately, the property manager later wrote that because of "disarray due

CONSENT ORDER - 2
No. 2:20-cv-1315-MAT

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105

1  to COVID-19 and the recent wildfires that put me out of power and internet service while
2  working from home…." the property manager had not been able to communicate the approval
3  decision to FHCE and the Plaintiffs before the instant action was commenced on September 11,
4  2020 and served on or about September 14, 2020.Relevant Requirements of the Fair Housing Act

5    8.   The Fair Housing Act provides that it is unlawful to refuse, in connection with the
6  sale or rental of a dwelling, to make reasonable accommodations in rules, policies, practices, or
7  services, when such accommodations may be necessary to afford a person with a disability equal
8  opportunity to use and enjoy a dwelling.  *See* 42 U.S.C. § 3604(f).

9    9.   Plaintiffs and Defendants (hereinafter "the Parties") do not dispute that the subject
10 property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

11   10.  To make a claim of discrimination based on a party's failure to reasonably
12 accommodate a disability, a plaintiff must show that:  (1) [s]he suffers from a disability within
13 the meaning of the Act; (2) the defendant knew or reasonably should have known of the
14 disability; (3) the requested accommodation may be necessary to afford the disabled plaintiff "an
15 equal opportunity to use and enjoy the dwelling"; (4) the accommodation is reasonable; and (5)
16 the defendant refused to make the accommodation.  *United States v. California Mobile Home*
17 *Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir.1997).

18   11.  The Department of Housing and Urban Development (HUD), the agency charged
19 with administering the Fair Housing Amendments Act, thereafter issued several FHEO Notices
20 that provide guidance on the reasonable accommodation requirement as they apply to requests
21 for a service or emotional support animal.  *See* HUD Office of Fair Housing & Equal
22 Opportunity, FHEO Notice FHEO-2013-01, April 25, 2013, "Service Animals and Assistance
23 Animals for People with Disabilities in Housing and HUD-Funded Programs" and FHEO-2020-
24 01, January 28, 2020, entitled "HUD Guidance on Reasonable Accommodations under the Fair
25 Housing Act relating to Assistance Animals."
26 https://www.hud.gov/sites/dfiles/PA/documents/HUDAsstAnimalNC1-28-2020.pdf.
27

CONSENT ORDER - 3
No. 2:20-cv-1315-MAT

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105

12. The Guidance make it clear that "No Pet" rules do not apply to service animals and support animals. Once a person provides a housing provider with information that reasonably supports that the person seeking the accommodation has a disability and that the requested animal provides therapeutic emotional support with respect to the individual's disability, the housing provider may not deny the request based upon a "No Pet" rule as was done here.

13. The Defendants concur that Plaintiff's request for an emotional support animal was reasonably necessary based on the doctor's letter to afford the Plaintiffs' son M.Y. an equal opportunity to use and enjoy the subject property. Plaintiffs agree that they are solely responsible for the care and maintenance of the emotional support animal and are responsible for any and all costs to repair any damage caused by the animal regardless of where the damage occurs, i.e., in the apartment lived in by the Plaintiffs or in the common areas.

14. Courts have found exceptions to a no-pets policy for an emotional support animal to be reasonable accommodations under the Act. *See, e.g., Overlook Mutual Homes, Inc. v. Spencer*, 666 F. Supp. 2d 850, 861 (S.D. Ohio 2009); *HUD v. Riverbay Corp.*, ALJ 02-93-0320-1 (1994); *HUD v. Dutra*, ALJ 09-93-1753-8 (1996).

**B.     Parties to Entry of this Order**

15. The Parties stipulate that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 3614(a). The parties consent to the assignment of United States Magistrate Judge Mary Alice Theiler for all purposes pursuant to 28 USC 636(c).

16. In the interest of conserving time and expense, and without admitting liability, but acknowledging this is an educational opportunity for Defendants, the Parties agree that the instant controversy should be resolved without further proceedings and without an evidentiary

CONSENT ORDER - 4
No. 2:20-cv-1315-MAT

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105

hearing. The Parties stipulate to this Consent Order to avoid further litigation on the issue of reasonable accommodation.

It is hereby ADJUDGED, ORDERED and DECREED:

## II. GENERAL INJUNCTION

17. Defendants, their agents, employees, and all other persons in active concert or participation with it, are enjoined from:

(a) discriminating in the sale or rental, or from otherwise making unavailable or denying, a dwelling to any buyer or renter because of a handicap as prohibited by the Fair Housing Act, 42 U.S.C. § 3604(f)(1);

(b) discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap as prohibited by the Fair Housing Act, 42 U.S.C. § 3604(f)(2); and

(c) refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling as required by the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B).

## III. REASONABLE ACCOMMODATION POLICY

18. Within 60 days after the entry of this Order, Defendants shall adopt and implement the following specific, uniform, and objective written standards and procedures for receiving and handling requests made by people with disabilities for reasonable accommodations. These standards shall be applicable to the Our Place Manor apartments owned or managed by the defendants. A copy of the Standards shall be sent to the Fair Housing Center of Washington (FHCW) for review and comment. These standards shall comply with the requirements of 42 U.S.C. §§ 3601, *et seq.*, and include the following provisions:

(a) Upon written inquiry by any current resident or prospective resident of Our Place Manor Defendants shall provide a written copy of the standards informing such owner or resident of Defendant's rules, policies, practices, and services with respect requesting a reasonable accommodation request.

CONSENT ORDER - 5
No. 2:20-cv-1315-MAT

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105

(b)     Any current or prospective resident requiring a reasonable accommodation under the Fair Housing Act may submit, in writing, a Request for Reasonable Accommodation setting forth:  (1) the nature of the applicant's disability; (2) identification of the necessary accommodation; and (3) a description of the relationship between the person's disability and the need for the requested accommodation.  Defendants may then request that the resident provide a letter in support of the Request from a licensed health care provider confirming the foregoing information and expressly stating that the requested accommodation is medically necessary.

(c)     Defendants shall promptly respond to a Request for Reasonable Accommodation, in writing, within ten (10) days of receipt of the letter from the health care provider.

(d)     Defendants shall keep written records of each Request for Reasonable Accommodation received during the duration of this Consent Decree.  These records shall include:  (1) the name, address, and telephone number of the person making the request; (2) the date on which the request was received; (3) the nature of the request; (4) whether the request was granted or denied; and (5) if the request was denied, the reason(s) for the denial.

## IV. REASONABLE ACCOMMODATION OF M.Y.

19.     Plaintiff M.Y. shall be entitled to keep an emotional support dog in his family apartment subject to the reasonable Rules and Regulations otherwise applicable to all residents. Among other things, Plaintiffs agree that they are solely responsible for the care and maintenance of the emotional support animal and are responsible for any and all costs to repair any damage caused by the animal regardless of where the damage occurs, i.e., in the apartment lived in by the Plaintiffs or in the common areas.

## V. COMPENSATION OF AGGRIEVED PERSONS

20.     Within ten (10) days of the entry of this Order, Defendants shall pay to Vadim Yuzyuk and Luidmyla Yuzyuk and  MacDonald Hoague & Bayless forty-five thousand dollars and zero cents ($45,000.00)  The Yuzyuks' shall provide Defendants with a Release of Claims in the form attached hereto as Appendix A.

CONSENT ORDER - 6
No. 2:20-cv-1315-MAT

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105

## VI. MANDATORY EDUCATION AND TRAINING

21. Within thirty (30) days from entry of this Order, Defendants' employees and agents shall attend a four-hour program of educational training concerning their responsibilities under federal, state, and local fair housing laws, regulations, or ordinances. The program shall be conducted by the Fair Housing Center of Washington and shall be paid for by Defendants. All persons attending this program shall have their attendance certified in writing by the person conducting the educational program.

22. For the duration of this Order, each new employee or agent of the Defendants with housing rental responsibilities shall be given a copy of and required to read this Consent Order and sign a statement within ten (10) days after the date he or she commences an employment or agency relationship with any of the Defendants. FHCW will regularly inform Defendants of programs it offers and offer Defendants the option for their agents to attend. Each new employee of Defendants having any rental responsibility shall attend the next regularly scheduled educational training program identified by FHCW unless they certify in writing that they have received comparable training within 30 days of the commencement of their employment with Defendants.

## VII. NOTICE OF DEFENDANT'S NON-DISCRIMINATION POLICY

23. For the duration of this Consent Order, the Defendants shall place in a conspicuous location the federal Fair Housing Poster, no smaller than 10-by-14 inches, as described by 24 C.F.R. 110.15 and 110.25, indicating that all dwellings are available for sale or rental on a non-discriminatory basis. In addition, in all print or on-line advertisements for the rental of units owned or managed by Defendants, Defendants shall include the Fair Housing logo prominently placed at the bottom of the ad.

## VIII. DURATION OF ORDER AND TERMINATION OF LEGAL ACTION

24. This Consent Order shall remain in effect for two (2) years after the date of its entry, at which time this case shall be dismissed.

CONSENT ORDER - 7
No. 2:20-cv-1315-MAT

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105

25. Upon entry of the within Order, Plaintiffs will voluntarily withdraw any and all administrative complaints against the Defendants now pending with the Washington Human Rights Commission, U.S. Department of Housing and Urban Development ("HUD"), the Fair Housing Center of Washington and any other federal, state or similar agency that handles similar enforcement actions, and request immediate dismissal of same.

26. The Court shall retain jurisdiction for the duration of this Consent Order to enforce the terms of the Order.

27. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event of a failure by any Party to perform in a timely manner any act required by this Order or otherwise to act in conformance with any provision thereof, any Party may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

### IX. TIME FOR PERFORMANCE

28. Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the Parties.

### X. COUNTERPARTS

29. This Consent Order may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute the same instrument.

SO ORDERED this 2nd day of December, 2020.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

CONSENT ORDER - 8
No. 2:20-cv-1315-MAT

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105

AGREED TO BY THE PARTIES:

_____   _____
Plaintiffs Luidmyla and Vadim Yuzyuk, on behalf of their son, M.Y.   Defendant Our Place Manor, LLP

                              _____
                              Defendant T&S Development Properties LLP

CONSENT ORDER - 9
No. 2:20-cv-1315-MAT

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19007.00000 ni181105